UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEOLA IVY BELL, | |
| Plaintiff, | No. 19 C 3829 |
| v. | Judge Thomas M. Durkin |
| ILLINOIS DEPARTMENT OF HUMAN SERVICES, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Meola Ivy Bell sued the Illinois Department of Human Services ("IDHS") for violations of the Family and Medical Leave Act and the Rehabilitation Act. IDHS moved to partially dismiss Bell's complaint. For the following reasons, that motion is granted in part and denied in part.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

1

The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background

Meola Ivy Bell began working for the Illinois Department of Human Services in 2013. R. 1 ¶ 8. In January 2017, Bell sought leave under the Family and Medical Leave Act ("FMLA") to care for her ill husband and to attend to her own serious health conditions. *Id.* ¶ 9. In March 2017, IDHS approved Bell's request for leave, to be applied retroactively from January 3, 2017 through July 3, 2017. *Id.* ¶ 12. In May 2017, IDHS's Local Office Administrator notified Bell that she needed to attend a pre-disciplinary meeting for violating IDHS's attendance policy. *Id.* ¶ 14. Bell subsequently informed IDHS that she had been granted FMLA leave, and that suspending or discharging her would violate the FMLA. *Id.* ¶¶ 15-16. IDHS suspended Bell in June 2017 and then terminated her in July 2017 for violating IDHS's attendance policy. *Id.* ¶¶ 17-18.

Bell alleges that her suspension and termination violated the FMLA (Count I) and the Rehabilitation Act (Count II). IDHS moved to partially dismiss Bell's complaint.

**Analysis**

**I.   FMLA (Count I)**

Bell alleges that IDHS interfered with her FMLA rights and discriminated against her by suspending and discharging her in violation of 29 U.S.C. § 2615(a). IDHS moves to dismiss Count I to the extent Bell seeks damages for emotional distress.[1] An FMLA claimant may recover "any wages, salary, employment benefits, or other compensation denied or lost," "any actual monetary damages sustained by the employee as a direct result of the violation," or "such equitable relief that may be appropriate, including employment, reinstatement, and promotion." 29 U.S.C. § 2617(a)(1)(A)-(a)(1)(B); *Ammons v. Chicago Bd. of Educ.*, 2019 WL 1281996, at *3 (N.D. Ill. Mar. 20, 2019). The remedies available under the FMLA do not include damages for emotional distress. *See Ammons*, 2019 WL 1281996, at *3 ("compensatory damages for non-economic harm such as emotional distress are not available under FMLA"); *Ammons-Lewis v. Metro. Water Reclamation Dist. of Greater Chicago*, 2004 WL 2453835, at *9 (N.D. Ill. Nov. 1, 2004) ("The FMLA, however, does not permit recovery of damages for emotional distress."); *see also Heinze v. S. Ill. Healthcare*, 2010 WL 276722, at *2 (S.D. Ill. Jan. 19, 2010) ("neither the FMLA nor

---

[1] IDHS also moved to dismiss Bell's FMLA claim under the self-care provision as barred by sovereign immunity. IDHS subsequently withdrew that argument. *See* R. 20 at 1 n.1.

3

the ADEA authorizes awards of damages for emotional distress or punitive damages") (collecting cases). Bell argues there are exceptions to this general rule. But the case on which Bell relies, *Farrell v. Tri-County Metropolitan Transportation District of Oregon*, 530 F.3d 1023 (9th Cir. 2008), merely held that the plaintiff could recover damages for days of work that he missed because of stress he suffered resulting from the wrongful denial of FMLA leave. 530 F.3d at 1025. The court specifically noted that the "jury's verdict reflects that [Plaintiff] *was not awarded* FMLA damages for emotional distress." *Id.* (emphasis added). Bell contends that allowing her request for damages for emotional distress to proceed will not prejudice IDHS. But a request for relief should not move forward when the relief sought is unavailable. Paragraph 30(G) of the complaint is thus stricken. *See Fed. Deposit Ins. Corp. for Valley Bank v. Crowe Horwath LLP*, 2018 WL 1508485, at *3 (N.D. Ill. Mar. 27, 2018) ("A court may properly strike relief not available to a party as a matter of law.").[2] The remainder of Bell's FMLA claim may move forward.

## II. Rehabilitation Act (Count II)

Bell also alleges that IDHS violated the Rehabilitation Act, which "prohibits employment discrimination against persons with disabilities by entities receiving federal funds." *Brew-Parrish v. Bd. of Trustees of S. Ill. Univ.*, 78 F.3d 320, 321 (7th Cir. 1996). IDHS argues that Bell's claim must be dismissed because she failed to allege that IDHS receives federal funding. But the complaint states that during Bell's

---

[2] Although IDHS initially moved to dismiss Count I, IDHS requests in its reply "that this Court strike ¶ 30(G) of Plaintiff's Complaint." R. 20 at 1.

4

"employment with Defendant, Defendant was a 'program or activity' as defined by section 794(b) of the Rehabilitation Act." R. 1 ¶ 32. In turn, for the operations of an entity to qualify as a "program or activity" under section 794(b), the entity must be "extended Federal financial assistance." 29 U.S.C. § 794(b). Thus, while the complaint could have been clearer, Bell still adequately alleged that IDHS receives federal funding. IDHS's reliance on *Winfrey v. City of Chicago*, 957 F. Supp. 1014 (N.D. Ill. 1997) is unavailing. In that case, the plaintiff alleged that the City of Chicago received federal financial assistance without alleging that the specific department at issue received federal funding. The court concluded that the allegations were insufficient because section 504 of the Rehabilitation Act regulates "each department, agency or similar instrumentality of the local government only if that instrumentality receives federal financial assistance." *Id.* at 1024. Unlike in *Winfrey*, Bell specifically names IDHS (not the state of Illinois, which would be the *Winfrey* equivalent here).

IDHS also argues that Count II should be dismissed because Bell failed to exhaust her administrative remedies. But a plaintiff seeking relief "under the Rehabilitation Act against a recipient of federal money is not required to exhaust the administrative remedies that the Act provides." *Williams v. Milwaukee Health Servs., Inc.*, 732 F.3d 770-71 (7th Cir. 2013); *see also King ex rel. Jacob v. Sec'y., Indiana Family & Soc. Servs. Admin.*, 2013 WL 594094, at *2 (N.D. Ind. Feb. 15, 2013) ("Generally, the Rehabilitation Act 'does not require the exhaustion of administrative remedies for non-federal employees.'") (quotation omitted). Because Bell is not a

federal employee and IDHS is a recipient of federal money, she was not required to exhaust her administrative remedies.

## Conclusion

For the reasons stated above, the Court strikes paragraph 30(G) of the complaint. In all other respects, IDHS's motion is denied.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: December 11, 2019